J-S05002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL FRANK KATONKA | : | |
| | : | |
| Appellant | : | No. 4 WDA 2017 |

Appeal from the PCRA Order November 17, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0001110-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PAUL FRANK KATONKA | : | |
| | : | |
| Appellant | : | No. 1493 WDA 2017 |

Appeal from the PCRA Order August 22, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0001110-2008

BEFORE:   OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 4, 2018**

Appellant, Paul Frank Katonka, appeals *pro se* from the November 17, 2016 and August 22, 2017 orders dismissing his first and second petitions filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

_____
*   Retired Senior Judge assigned to the Superior Court.

The factual background and relevant procedural history of this case are as follows. From 2003 through 2008, Appellant sexually abused his stepdaughter when she was between 8 and 13 years old. On May 12, 2008, the Commonwealth charged Appellant via criminal information with four counts of involuntary deviate sexual intercourse of a victim less than 13 years old,[1] two counts of attempted rape,[2] two counts of aggravated indecent assault of a victim less than 13 years old,[3] two counts of indecent assault of a victim less than 13 years old,[4] two counts of involuntary deviate sexual intercourse of a victim less than 16 years old,[5] indecent assault of a victim less than 16 years old,[6] aggravated indecent assault of a victim less than 16 years old,[7] endangering the welfare of a child,[8] and corruption of minors.[9]

---

[1] 18 Pa.C.S.A. § 3123(b).

[2] 18 Pa.C.S.A. §§ 901, 3121.

[3] 18 Pa.C.S.A. § 3125(a)(7).

[4] 18 Pa.C.S.A. § 3126(a)(7).

[5] 18 Pa.C.S.A. § 3123(a)(8).

[6] 18 Pa.C.S.A. § 3126(a)(8).

[7] 18 Pa.C.S.A. § 3125(a)(8).

[8] 18 Pa.C.S.A. § 4304(a)(1).

[9] 18 Pa.C.S.A. § 6301(a)(1).

On November 26, 2012, Appellant pled guilty to all 16 counts and was immediately sentenced to an aggregate term of 8 to 16 years' imprisonment. Appellant did not file a direct appeal. On March 23, 2016, Appellant filed his first *pro se* PCRA petition. Counsel was appointed and filed a no-merit letter and motion to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 30, 2016, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. ***See*** Pa.R.Crim.P. 907. On November 14, 2016, Appellant filed a response to the Rule 907 notice. On November 17, 2016, the PCRA court dismissed the petition and granted counsel's motion to withdraw. Appellant filed a timely notice of appeal which was docketed at 4 WDA 2017.[10]

While that appeal was pending, our Supreme Court decided ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). On August 2, 2017, Appellant filed a second *pro se* PCRA petition arguing that he was entitled to relief under ***Muniz***. On August 22, 2017, the PCRA court dismissed the petition for lack of jurisdiction. Appellant filed a timely notice of appeal

_____

[10] The PCRA court and Appellant complied with Pennsylvania Rule of Appellate Procedure 1925.

which was docketed at 1493 WDA 2017.[11] The two appeals were consolidated and we resolve both appeals in this memorandum.

Appellant presents three issues for our review:

1. [Whether the PCRA court erred in finding that Appellant failed to satisfy the governmental interference exception to the PCRA's one-year time bar?]

2. Whether the PCRA court erred in not holding an evidentiary hearing where Appellant's PCRA [petition] contained multiple claims that go to the legality of the sentence and are non-waivable?

3. [Whether the PCRA court erred in not granting Appellant leave to amend his first PCRA petition?]

Appellant's Brief at 4-5.[12]

We begin with Appellant's challenge to the PCRA court's November 16, 2016 order dismissing his first PCRA petition. "Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the [first] PCRA petition was timely filed." *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature[.]" *Commonwealth v. Brown*, 143 A.3d 418, 420

---

[11] The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal. *See* Pa.R.A.P. 1925(b).

[12] Appellant makes other arguments in his supplemental brief and amended supplemental brief. Those arguments, however, are waived. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

(Pa. Super. 2016) (citation omitted). Hence, we concentrate our attention on whether Appellant timely filed his first PCRA petition and, if not, whether he has raised a viable statutory exception to the PCRA's timeliness requirement.

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on December 26, 2012. Appellant's first PCRA petition was filed on March 23, 2016. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).[13]   If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented."   42 Pa.C.S.A. § 9545(b)(2).   "It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule." **Commonwealth v. Wiley**, 966 A.2d 1153, 1158 (Pa. Super. 2009) (citation omitted).

As noted above, a petitioner must plead and prove the existence of a timeliness exception in order for a PCRA court to have jurisdiction over an untimely petition.   Failure to plead and prove the applicability of a timeliness exception in the PCRA petition renders the PCRA court without jurisdiction to consider the merits of the petition.   **See Commonwealth v. Derrickson**, 923 A.2d 466, 468-469 (Pa. Super. 2007), *appeal denied*, 934 A.2d 72 (Pa. 2007).   In this case, Appellant's PCRA petition only included a bald assertion that he satisfied one or more of the three statutory exceptions to the PCRA's one-year time bar.   PCRA Petition, 3/23/16, at 6-7.   Such a bald assertion, without a single factual averment in support thereof, is insufficient to plead and prove the applicability of a timeliness exception.   As such, the PCRA court correctly determined that Appellant failed to plead and prove the applicability of a timeliness exception and that it lacked jurisdiction to reach

---

[13] Contrary to Appellant's arguments, there is no equitable exception to the PCRA's one-year time bar.   **Commonwealth v. Smallwood**, 155 A.3d 1054, 1060 (Pa. Super. 2017).

- 6 -

the merits of Appellant's first PCRA petition. Accordingly, Appellant is not entitled to relief on his first two claims of error respecting the November 16, 2016 order.

Appellant also argues that the PCRA court erred in denying his request to amend his first PCRA petition. Appellant included this request in his response to the PCRA court's Rule 907 notice. We review a PCRA court's denial of leave to amend a PCRA petition for an abuse of discretion. *See Commonwealth v. Keaton*, 45 A.3d 1050, 1060 n.3 (Pa. 2012); *see also* Pa.R.Crim.P. 905(A) (A PCRA court "may grant leave to amend or withdraw a [PCRA petition] at any time. Amendment shall be freely allowed to achieve substantial justice."). At the time the PCRA court ruled on Appellant's request, amendment of his first PCRA petition would have been futile as it was patently untimely and Appellant failed to make sufficient averments that he satisfied a statutory exception to the PCRA's one-year time bar. Accordingly, we conclude that the PCRA court did not abuse its discretion in denying Appellant leave to amend his first PCRA petition.

Turning to the August 21, 2017 order dismissing Appellant's second PCRA petition, the PCRA court properly determined that it lacked jurisdiction over that petition. As this Court recently explained, a PCRA court does not have jurisdiction to consider a subsequent PCRA petition when an appeal from a prior PCRA petition is pending. *Commonwealth v. Montgomery*, 2018 WL 1311961, *4 (Pa. Super. Mar. 14, 2018) (*en banc*). In this case,

the appeal from the PCRA court's November 16, 2016 order was pending before this Court at the time Appellant filed his second PCRA petition. Thus, the PCRA court lacked jurisdiction over the second petition and properly dismissed the petition without an evidentiary hearing.

Appellant's application for relief denied. Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2018